120 So.2d 578

Johnnie **BASWELL**

v.

**STATE.**

7 Div. 605.

Court of Appeals of Alabama.

May 10, 1960.

Pilcher & Floyd, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Jos. D. Phelps, Asst. Atty. Gen., for the State.

CATES, Judge.

Baswell was indicted for assault with intent to murder (Code 1940, T. 14, § 38), and was found guilty of assault and battery. The trial judge sentenced him to ninety days hard labor for the county.

In October, 1958, Franz Davis with two helpers had driven into his corn field near Slasham some four or five miles east of Ashville. They pulled ears from the cornstalks and pitched them in Davis' pick-up truck.

Instead of turning around in the field, Davis backed out. As he backed into the road that went up to his field, Davis hit a 1951 Ford car belonging to Robert Kitchens in which were the defendant, Baswell, and his brother, Jack.

Kitchens drove his car off to see if it ran all right. In five to ten minutes he came back saying it seemed to want to shimmy but was all right.

Baswell and his brother, according to Davis, began abusing him. They came at him and the defendant cut Davis in the abdomen with a knife

Baswell and a number of other defense witnesses testified the wounded man was the aggressor. The State having made a prima facie case, the conflict in the evidence is solely for the jury to resolve and is not for us to review.

The first question argued was a claim of error in the trial judge's oral charge as to malice being "presumed" from the use of a deadly weapon such as a knife. Baswell's counsel excepted to this part of the charge.

Since the verdict was of guilt for assault and battery, a crime which is usually described as the touching of another in rudeness or in anger, there is no need for us to go into the claimed error. Even if

the court's definition were too onerous, the jury, by acquitting of assault with intent to murder, found that Baswell's acts did not show malice.

Secondly, it is claimed Baswell was prejudiced by Davis' attending physician's testifying as to Davis' condition and as to the cut across the lower stomach. It is claimed that unneeded and harmful details of the treatment were admitted.

█ We consider the record to show that upon each objection to a question going to the treatment the trial judge ruled with Baswell except to permit testimony as to the number of stitches taken to close the wound and as to how long Davis stayed in the hospital. These exceptions were admissible on the issue of malice which was still before the jury.

Affirmed.